IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2015 SEP 10 AM 8:30

JEFFREY P. COLWELL
CLERK

BY _____ DEP. CLK

Civil Action No. **15 - CV - 01965**
(To be supplied by the court)

_Christopher Chávez_ , Plaintiff,

v.

_CRVP, LLC_ ,
_Thomas H. Shipps (Agent)_ ,
_Patrick Morrissey V.P._ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ , Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

(Rev. 07/06)

## PARTIES

1. Plaintiff **Christopher Chavez** is a citizen of **United States** who presently resides at the following address: **6 North Dolores Road Unit 1, Cortez, CO 81321**

2. Defendant **CRVP, LLC, Thomas H. Shipps** is a citizen of **United States** who live(s) at or is/are located at the following address: **175 Mercado Street, Suite 240, Durango, CO 81301**

3. Defendant **Patrick Morrissey** is a citizen of **United States** who live(s) at or is/are located at the following address: **175 Mercado Street Suite 240, Durango, CO 81301**

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities: **Title VII of the Civil Rights Act of 1964, Pub. L. 88-352**

5. Briefly state the background of your case: **Non enforcement of Indian Preference and modification of title VII of the Civil Rights Act of 1964, which has not been amended by the U.S. Congress.**

(Rev. 07/06)                    2

# FIRST CLAIM FOR RELIEF
# AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages. Alternatively, you may attach to the complaint a copy of the charge of discrimination you submitted to the Equal Employment Opportunity Commission.)

(1) Signed contract and Project requirements concerning Indian Preference on this project (Three Springs - V1F3B), Exhibit 1 & 2. Subcontractor/Christopher Chavez did all requirements as asked in contract and also with Indian Preference in accordance with Title VII of the Civil Rights Act of 1964. Even though the requirements are listed as Title VII. The Owners of the project injected a revised preference as "Native American Preference In Bidding Procedures" which does pertain to Title VII, but has been modified to acceptance of TERO. Under the "TERO" the language within TERO is modified from the original language of/from Title VII of the Civil Rights Act of 1964. Which is unconstitutional under Pub. L. 88-352(Title VII), which has not been amended by the U.S. Congress to include TERO, GRVP, LLC or Three Springs.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1. As stated in civil complaint - GRVP,LLC has taken on the roll of Indian Preference provider though is "NATIVE AMERICAN PREFERENCE IN BIDDING PROCEDURES"(NAPIBP/TERO) operating off any Federally recognized "Indian Reservation" (*Principle office street address as, 175 Mercado Street, Suite 240, Durango, CO 81301 United States*) as defined as **Indian lands** in the Civil Rights Act of 1964 (Title VII). With preference of NAPIBP/TERO providing preference to members/spouses of Southern Ute Tribal members over other recognized Tribes/ Indian people as described in Title VII. And its lack of enforcement of Title VII.
2. Plantiff Christopher Chavez is a enrolled member of the Navajo Tribe census #201,659.
3. Such actions conducted by GRVP, LLC,TIERRA GROUP, LLC and Three Springs in bidding and hiring preference of Native Americans(Indian people) are discriminator and unconstitutional.
4. Such laws/actions have not been amended by the U.S. Congress as Public Law to the Civil Rights Act of 1964 (Title VII).
5. All operations as NAPIBP/TERO is to cease and investigated by the United States Attorney General.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

Immediately provide funds to counsel for Christopher Chavez as of now and future funds to continue to investigate acts of misrepresentation and unconstitutional act as the court sets forth and grant such other and further relief as justice may require. And dissolve at once NATIVE AMERICAN PREFERENCE IN BIDDING PROCEDURES & TRIBAL EMPLOYMENT REGULATORY OFFICE (TERO).

As stated in Civil complaint Demand payment in the sum of $15,000,000.00

Date: Sept 09, 2015

_____
(Plaintiff's Original Signature)

6 North Dolores Rd Unit #1
(Street Address)

Cortez, Co 81321
(City, State, ZIP)

970.739.3183
(Telephone Number)

(Rev. 07/06)                                6

**ARTICLES OF ORGANIZATION**
Form 400  Revised July 1, 2002
Filing fee: **$50.00**
Deliver to: Colorado Secretary of State
Business Division,
1560 Broadway, Suite 200
Denver, CO 80202-5169
This document must be typed or machine printed
Copies of filed documents may be obtained at www.sos.state.co.us

```
              FILED
        DONETTA DAVIDSON
     COLORADO SECRETARY OF STATE

         20031203801   M
         $    50.00
         SECRETARY OF STATE
         06-24-2003   12:13:50
```
ABOVE SPACE FOR OFFICE USE ONLY

Pursuant to § 7-80-203, Colorado Revised Statutes (C.R.S.), the individual named below causes these Articles of Organization to be delivered to the Colorado Secretary of State for filing, and states as follows:

1. The name of the limited liability company is: **GRVP, LLC**

   *The name of a limited liability company must contain the term "limited liability company", "ltd. liability company", "limited liability co.", or "ltd. liability co." or the abbreviation "LLC" or "L.L.C." §7-90-601(3)[(c), C.R.S.*

2. *If known,* The principal place of business of the limited liability company is:
   160 Rock Point Dr., Suite E, Durango, CO 81301

3. The name, and the business address, of the registered agent for service of process on the limited liability company are: Name **Thomas H. Shipps** ; Business Address *(must be a street or other physical address in Colorado)* **Maynes, Bradford, Shipps & Sheftel, LLP, 835 E. 2d Ave., Suite 123, Durango, CO 81301**. *If mail is undeliverable to this address, ALSO include a post office box address:* **P.O. Box 2717, Durango, CO 81302**

4.   a. *If the management of the limited liability company is vested in managers, mark the box*
   ☐ "The management of the limited liability company is vested in managers rather than members."
   The name(s) and business address(es) of the initial manager(s) is(are):
   Name(s) **Growth Fund Management Committee**    Business Address(es) **Southern Ute Indian Tribe Growth Fund, 2577 Main Ave., Durango, CO 81301**

   *or*

   b. *If management of the limited liability company is not vested in managers rather than members,*
   The name(s) and business address(es) of the initial member(s) is(are):
   Name(s) _____    Business Address(es) _____

5. The (a) name or names, and (b) mailing address or addresses, of any one or more of the individuals who cause this document to be delivered for filing, and to whom the Secretary of State may deliver notice if filing of this document is refused, are: **Laranne Arbaugh, Esq., Maynes, Bradford, Shipps & Sheftel, LLP, 835 E. 2d Ave., Suite 123, Durango, CO 81301**

*OPTIONAL.* The electronic mail and/or Internet address for this entity is/are: e-mail _____ Web site _____
The Colorado Secretary of State may contact the following authorized person regarding this document:
name **Thomas C. Arland**    address **SUIT Growth Fund, 2577 Main Ave., Durango, CO 81301**
voice **970-375-2199**    fax **970-375-2216**    e-mail **tarland@suitgrowthfund.com**

Disclaimer: This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty. While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form. Questions should be addressed to the user's attorney.

Colorado Secretary of State - Summary                                                              8/27/15, 5:28 PM

## Summary

**For this Record...**
Filing history and documents
Trade names
View Trademarks
Get a certificate of good standing
File a form
Subscribe to email notification
Unsubscribe from email notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

| Details | | | |
|---|---|---|---|
| Name | GRVP, LLC | | |
| Status | Good Standing | Formation date | 06/24/2003 |
| ID number | 20031203801 | Form | Limited Liability Company |
| Periodic report month | June | Jurisdiction | Colorado |
| | | Term of duration | Perpetual |
| Principal office street address | 175 Mercado Street, Suite 240, Durango, CO 81301, United States | | |
| Principal office mailing address | n/a | | |

| Registered Agent | |
|---|---|
| Name | THOMAS H. SHIPPS |
| Street address | 835 E. Second Ave., Suite 123, DURANGO, CO 81301, United States |
| Mailing address | n/a |

Filing history and documents

Trade names

View Trademarks

Get a certificate of good standing

File a form

Set up secure business filing

Subscribe to email notification

Unsubscribe from email notification

Back

Terms and Conditions

http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButto...03801&srchTyp=ENTITY&fileId=20031203801&masterFileId=20031203801    Page 1 of 1

# Summary

**For this Record...**
Filing history and documents
Get a certificate of good standing
File a form
Subscribe to email notification
Unsubscribe from email notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

| Details | | | |
|---|---|---|---|
| Name | TIERRA GROUP, LLC | | |
| Status | Good Standing | Formation date | 11/14/2000 |
| ID number | 20001221825 | Form | Limited Liability Company |
| Periodic report month | November | Jurisdiction | Colorado |
| | | Term of duration | Perpetual |
| Principal office street address | 175 Mercado Street, Suite 240, DURANGO, CO 81303, United States | | |
| Principal office mailing address | n/a | | |

| Registered Agent | |
|---|---|
| Name | Thomas H. Shipps |
| Street address | 835 E. 2nd Ave., Suite 123, Durango, CO 81301, United States |
| Mailing address | n/a |

Filing history and documents

Get a certificate of good standing

File a form

Set up secure business filing

Subscribe to email notification

Unsubscribe from email notification

Back

Terms and Conditions

**EXIBIHIT 1**



## NATIVE AMERICAN PREFERENCE IN BIDDING PROCEDURES

Three Springs is committed to implementing, in accordance with Title VII of the Civil Rights Act of 1964, a preference for Indian owned businesses and Indian individuals with respect to all contracts and subcontracts awarded for work within the Three Springs development. This document sets forth the procedure under which all businesses accepting bids on behalf of GRVP, LLC or its affiliates for work in Three Springs should implement the preference.

**Brief Summary**
If a bid is received from a technically qualified Indian owned business, or from an Indian individual who is qualified to perform the work required, the contract must be awarded to an Indian owned business or Indian individual if the bid is within 5% of the lowest qualified bid received.

**Applicability**
This policy shall apply to any individual or business working under a contract with GRVP, LLC or its affiliates in Three Springs, when such individual or business will accept and review bids for the award of contracts or subcontracts for services, supplies, or equipment necessary to its work in Three Springs (hereinafter referred to as a "Contractor").

For purposes of this policy, "Indian" shall mean a person who is an enrolled member of a federally recognized Indian Tribe, living within 60 miles of an Indian reservation. "Indian Owned Business" shall mean any commercial, industrial, or other business in which fifty-one percent (51%) or more of the ownership is held by an Indian or Indians, and fifty-one percent (51%) or more of the actual management and control is exercised by an Indian or Indians.

**Implementation**

1. **Requests for Proposals, Requests for Qualifications, and Bid Invitations**
    (a) Contractors shall publicly post their requests for proposals or requests for qualifications for a minimum of two weeks, or other amount of time as specified or consented to by GRVP, LLC. Additionally, Contractors must send an invitation to bid to each individual or business registered with the Southern Ute Indian Tribe's TERO office to do the type of work sought.

(b) Each request for proposals, request for qualifications, or invitation to bid, which is published or sent by a Contractor, must contain the following language:

*"The award of this contract is subject to an Indian preference in accordance with Title VII of the Civil Rights Act of 1964. The preference will be extended to Indians living on or near an Indian reservation, and to Indian owned businesses having a principal place of business on or near an Indian reservation. Any individual or business who wishes to be considered for preferential treatment must: (1) register with the Southern Ute Indian Tribe's TERO office; (2) include, in any bid submitted, the address of his or her primary residence, or if a business, state the address of the principal place of business; and (3) include, in any bid submitted, the distance of the nearest Indian reservation from such primary residence or principal place of business. The Southern Ute Indian Tribe's TERO Office may be reached at (970) 563-0117."*

2. **Review of Submissions**
   (a) Upon receipt of a bid submission indicating eligibility for Indian Preference, each Contractor must receive confirmation of the sub-contractor's registration with the Southern Ute Indian Tribe's TERO office. Each Contractor must also verify that the subcontractor's residence or principal place of business is on or near an Indian reservation, not necessarily the Southern Ute Indian reservation.

   (b) All Contractors awarding contracts have the discretion to determine technical qualifications of an Indian individual or Indian owned business. If a Contractor determines that an Indian individual or Indian owned business is not technically qualified, it must provide such individual or Indian owned business a written description of the areas in which it believes it has seen weaknesses and a description of steps that could be taken in the future to upgrade qualifications.

3. **Award of Contract**
   (a) Once it is determined that a subcontractor is an Indian individual residing on or near a reservation, or an Indian owned business located on or near a reservation, Contractors shall give preference to that Indian individual or Indian owned business if the bid submitted is within 5% of the lowest bid received.

   (b) Before a Contractor can reject an Indian individual or Indian owned business on the basis of its bid, it must offer an individual or Indian owned business a single opportunity to resubmit a revised bid. Bid numbers received from other parties will not be released to the Indian individual or Indian owned business for purposes of resubmission.

   (c) In the event that more than one bid from a technically qualified Indian individual or Indian owned business are not within 5% of the lowest bid, only the lowest bid of the Indian individuals or Indian owned businesses will be eligible for resubmission.

---

**EXIBIHIT 2**

THIS AGREEMENT ("Agreement") is entered into by BWR CONSTRUCTORS, INC, PMB 300, 361 South Camino Del Rio, Durango, Colorado 81303 ("BWR") and Chavez Todichiinii Construction.

## RECITALS

A. BWR is a Colorado corporation whose primary business is the construction and maintenance of underground utilities.

B. Subcontractor is a Colorado corporation whose primary business is concrete forming.

C. BWR desires to hire Subcontractor to perform concrete services as a subcontractor for work to be performed by BWR under a contract between BWR and GRVP.

## AGREEMENT

In consideration of the foregoing, the parties agree and covenant as follows:

1. **Time of Performance:**

   a. The Subcontractor shall begin the Work under this Agreement when notification by a BWR representative is received stating that the project is ready for concrete. Agreement signed by BWR and acknowledges that time is of the essence for the performance of the Work.

   b. The Subcontractor shall complete the Work by Oct 1st 2012.

2. **Compensation:**

   a. In consideration of the Work to be performed pursuant to this Agreement, BWR agrees to pay the Subcontractor for services rendered on a unit price basis up to but not-to-exceed estimated price of $210,128.75 ("Contract Price") based on percentage of completion on a monthly basis.

progress and/or completed to date. BWR's Representative shall review the work performed to date and upon approval shall thereafter issue payment to the Subcontractor for the amount invoiced for that period.

    (ii). Final Payment will be paid after the Subcontractor's performance of all remaining work items, reports, drawings, and other supporting documents as required by BWR, have been delivered and accepted.

    (iii). Records of any approved reimbursable expenses resulting from a change order shall be provided to BWR's Representative with the Subcontractor's request for payment, together with invoices, vouchers, or other back-up documentation.

  b. BWR's Representative may deduct from any amounts due to the Subcontractor an amount sufficient to protect itself from loss due to, but not exclusive of:

    (i). Defective workmanship, equipment or materials not remedied or replaced by the Subcontractor within ten (10) days of receipt of written notice of the defect from BWR's Representative.

    (ii). Failure to prosecute the Work diligently, as directed by BWR's Representative, or as agreed upon in the Work schedule or by the Contract Completion Date.

## 8. Suspension and BWR Remedies:

  a. If Subcontractor fails to commence the Work within the specified time; fails to prosecute its Work continuously with sufficient supervision, workmen and equipment to ensure its completion within the time scheduled for completion; or fails to comply with any provision of this Agreement, BWR may elect to give notice in writing of such default. If Subcontractor, within a period of ten (10) working days after such notice is given to Subcontractor, shall not cure its default, then BWR shall have full power and authority, without process of law and without violating or terminating this Agreement, to complete the Work with its own forces and/or contract with other parties for its completion.

  b. Neither by the taking over of the Work, nor by its completion in accordance with the terms of this provision, shall BWR forfeit its right to recover damages from the Subcontractor for failure to perform or for delay in such completion of the Work.

  c. Upon the taking over of the Work by BWR, the Subcontractor shall turn over to BWR all documents and other materials related to the work under this Agreement and all work-in-progress. Any monies due or that may become due to the Subcontractor under this Agreement may be applied by BWR to payments of labor, materials, supplies and equipment used in the prosecution of the work, to payment of any excess costs to BWR in completing the work, to payment to correct defective work by the Subcontractor, and to pay BWR for any damages it incurs as a result of any breach of this Agreement by the Subcontractor.

## 9. Indemnification:

generally described as:

1. Workers Compensation (including accident and occupational disease coverages):
   a. State:                Statutory
   b. Employer's Liability  $100,000 each accident
                            $100,000 disease-each employee
                            $500,000 disease-policy limit

2. Commercial General Liability (including Products and Completed Operations):
   a. Occurrence Form       $1,000,000 each occurrence
                            $2,000,000 general aggregate
                            $1,000,000 products – completed operations

3. Business/Commercial Automobile Liability:
   a. Combined Single Limit  $1,000,000 or, equivalent split limits for Bodily Injury & Property Damage

4. Umbrella Excess Liability:  $1,000,000 each occurrence
                               $1,000,000 aggregate

5. The Contractor shall require each of his subcontractors to procure and to maintain during the life of subcontract, General Liability Insurance of the type and in the same amount as specified in the preceding paragraph.

   g.   The Subcontractor shall observe all services and labor performed by all employees and subcontractors to ensure the services and labor complies with all applicable federal, state, and local laws and regulations as they pertain to the Work. The Subcontractor shall promptly notify BWR's Representative if any of the work performed by Subcontractors fails to comply with any applicable building codes, or any other laws or regulations.

   h.   The Subcontractor shall be deemed an independent contractor and <u>not</u> an employee of BWR for any purpose.

6.   <u>Responsibilities of BWR</u>:

   a.   Pat Henkels shall serve as BWR's Representative in monitoring the performance of the Subcontractor's obligations hereunder. BWR may elect to change its representative at any time upon reasonable written notice to the Subcontractor.

   b.   BWR' Representative shall furnish the Subcontractor all instructions and shall administer the budget for the Work. All Work shall be performed under the direction and to the satisfaction of BWR's Representative.

7.   <u>Billings and Payments</u>:

   a.   The Subcontractor shall submit invoices to BWR after completion of each unit identified in the Scope of Work and, upon approval of BWR's Representative, shall be entitled to payment within fifteen (15) days after receipt by BWR of payment from the Owner in accordance with the following:

4. **Changes in Agreement:**

   a. BWR may order changes, additions, deletions or modifications in the Work, without invalidating this Agreement.

   b. All changes to Work or to this Agreement must be authorized by a written change order signed by BWR's Representative before the Subcontractor is entitled to compensation for work under this Agreement. Work shall be changed, and the Contract Price and Contract Completion Date shall be modified only as set out in the Change Order.

   c. Any adjustments in the Contract Price resulting in a credit or a charge to BWR shall be determined by mutual agreement of the parties before starting the services involved in the change as set forth in the Change Order.

5. **Responsibilities of the Subcontractor:**

   a. The Subcontractor shall coordinate its Work with BWR's Representative and shall follow the instructions and information supplied by BWR's Representative. The Subcontractor shall report any discrepancies and/or questions or concerns directly to BWR's Representative.

   b. Except as otherwise specifically stated in writing, the Subcontractor shall provide and pay for all labor, materials, expenses, tools, equipment and all other services and facilities of every nature whatsoever necessary to execute, complete and deliver the Work within the specified time. It is understood by both parties that subgrade preparation and materials as well as compaction will be provided by BWR.

   c. When BWR determines that any work under this Agreement does not conform to the provisions of this Agreement, the Subcontractor shall make necessary corrections so that such work will so conform and in addition will correct any defects caused by faulty performance in work supervised by Subcontractor.

   d. The Subcontractor shall perform all Work in a good workmanlike manner equal to or better than the standards for the industry.

   e. The Subcontractor shall assume full responsibility for the acts or omissions of all Subcontractor's employees or agents, for any of the Subcontractor's subcontractors, their employees and agents, and for all other persons doing work for or on behalf of the Subcontractor.

   f. The Subcontractor shall procure and maintain insurance coverage in accordance with section SC-5.04, Supplementary Conditions of the project contract documents, to cover any and all losses or damages BWR or Owner may incur as a result of negligent acts, errors or omissions on the part of the Subcontractor, its officers, employees and agents, subcontractors, or anyone directly or indirectly employed by the Subcontractor in the performance of this Agreement. BWR and Southern Ute Indian Tribe Growth Fund and its Companies and South Durango Sanitation Company as well shall be named as an additional insured on the general liability policy. Certified copies of all insurance policies shall be furnished to BWR upon request. A thirty (30) day advance

    a. The Subcontractor shall indemnify and hold harmless BWR, its employees, agents, and representatives, and BWR's Representative, from any and all claims, damages, losses and expenses made against BWR arising out of the intentional tortuous acts, gross negligence and negligence of the Subcontractor's work.

10. **Governing Law and Dispute Forum:**

    a. The governing law for this Agreement shall be Colorado law. The parties shall initially attempt to resolve between themselves any disputes arising under this Agreement; however, if the parties fail to mutually agree to a resolution, then the jurisdiction and venue for litigation in this matter shall be (La Plata County Court. or La Plata County District Court, depending on the amount of the contract).

11. **Attorney Fees:**

    a. In the event this Agreement becomes the subject of litigation, the prevailing party shall be entitled to recover the reasonable attorney fees and costs it incurs from the losing party.

12. **Assignment:**

    a. The Subcontractor shall not assign this Agreement without the prior written consent of BWR. In addition, the Subcontractor shall be fully responsible to BWR for the acts and omissions of its subcontractors and of persons either directly or indirectly employed by it. Nothing in this Agreement shall create any contractual relationship between any of the Subcontractor's subcontractors and BWR.

IN WITNESS WHEREOF, this Agreement shall be effective upon the date last signed by BWR and the Subcontractor.

**BWR CONSTRUCTORS, INC.,**
a Colorado corporation

By: _/s/ Pat Neu_     Date: 5/14/12

(SUBCONTRACTOR)

By: _/s/ signature_     Date: 5/14/12

**EXIBIHIT 2**