IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01965-KLM

CHRISTOPHER CHAVEZ,

    Plaintiff,

v.

GRVP, LLC,
THOMAS H. SHIPPS, Agent, and
PATRICK MORRISSEY, V.P.,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Complaint** [#1], **Defendants' Motion for a More Definitive Statement** [#6] (the "First Motion"), **Plaintiffs' [sic] More Definitive Statement/Claim** [#8] (the "Additional Statement"), **Defendants' Motion to Strike "Plaintiff's More Definite Statement/Claim" and Renewed Motion for a More Definite Statement** [#9] (the "Second Motion"), and **Plaintiffs' [sic] Motion to Modify Motion of Introduction of Defendants Dated September 28, 2015, Exhibit 1** [#11] ("Plaintiff's Motion").

    Plaintiff's Complaint indicates that Plaintiff brings claims under "Title VII of the Civil Rights Act of 1964." *Compl.* [#1] at 2. Plaintiff later alleges that Defendant "GRVP, LLC has taken on the roll [sic] of Indian Preference provider" and that Plaintiff "is a[n] enrolled member of the Navajo Tribe . . . ." *Id.* at 4. Plaintiff further alleges that "actions conducted

by [Defendants] in bidding and hiring preference of Native Americans . . . are discriminator[y] and unconstitutional." *Id.* However, Plaintiff provides no detail regarding these alleged discriminatory and unconstitutional hiring practices. He also does not provide any information about how Defendants' actions relate to him. As a result, Defendants filed the First Motion in which they argue that "it is [ ] not clear from the Complaint what Plaintiff's claims are or how the named Defendants may have injured Plaintiff or his company." *First Motion* [#6] at 4. Thereafter, Plaintiff filed the Additional Statement.

First, Plaintiff cannot amend his Complaint by filing the Additional Statement. If Plaintiff, who proceeds in this matter pro se[1], is seeking leave to file an Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Amended Complaint as a document separate from the Motion. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Amended Complaint. Second, the Additional Statement does not provide any clarification regarding Plaintiff's claims against Defendants.

In response to the Additional Statement, Defendants filed their Second Motion. In the Second Motion, Defendants argue that the Court should strike Plaintiff's Additional Statement and order Plaintiff to clarify his claims. *Second Motion* [#9] at 4. As Defendants note, the applicable law does not require them "to divine Plaintiff's claims from incomplete and unconnected assertions of legal principles devoid of factual allegations." *Id.* As a

---

[1] The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110.

2

result, the Court grants the Second Motion. The Court denies the First Motion as moot and strikes the Additional Statement. In addition, the Court will order Plaintiff to file an Amended Complaint that complies with the applicable law and rules.

Plaintiff's Motion does not clarify his claims and attaches a letter from the Southern Ute Indian Tribe dated April 17, 2008. *See generally Plaintiff's Motion* [#11]. It is unclear how this document relates to this case. If the letter relates to Plaintiff's claims against Defendants he may attach it to his Amended Complaint and explain how it supports his legal claims. However, without any clear connection to this lawsuit, the Court finds that at this time Plaintiff's Motion must be stricken from the docket.

The Tenth Circuit encourages district courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010). Accordingly, the Court provides the following information to Plaintiff.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide fair notice to the defendants sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The

factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  The complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.

In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the [plaintiff] is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8.

**Therefore, if Plaintiff chooses to file an Amended Complaint, he must meet the requirements outlined above.  If the Amended Complaint does not meet those requirements, the case may be dismissed without further notice.**

IT IS HEREBY **ORDERED** that the First Motion [#6] is **DENIED as moot** and the Second Motion [#9] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that on or before **December 4, 2015**, Plaintiff shall file an Amended Complaint making clear who he is naming as a Defendant or as Defendants and exactly what claim or claims he is bringing against each defendant.  As the rules mentioned above require, Plaintiff must state the factual allegations relating to each named Defendant in order to make clear to the Court and Defendants the basis of Plaintiff's claims.  Alternatively, if Plaintiff no longer wants to pursue this litigation, he may file a motion to voluntarily dismiss his case **on or before December 4, 2015**.  **If Plaintiff fails to comply with the deadline set above, the Court will recommend that this action be dismissed without further notice.**

IT IS FURTHER **ORDERED** that the Additional Statement [#8] and Plaintiff's Motion [#11] are **STRICKEN** from the record.

Dated: November 16, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge